UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID CANINO,

    Plaintiff,

v.                                            Case No.: 8:25-cv-91-LSG

BRANDON RENTAL CENTER, INC.,
et al.,

    Defendant.
_____/

## ORDER

    The plaintiff David Canino sues the defendants Brandon Rental Center, Inc., and Robert Glass under the Fair Labor Standards Act, 29 U.S.C. § 203, et seq., (the "FLSA") to recover unpaid compensation for overtime work. Doc. 1. In response to Canino's claims, the parties negotiated and executed a settlement agreement, which they submit for approval. Doc. 30.

    When an employee sues his employer under Section 216(b) of the FLSA, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). To determine the fairness of a proposed settlement, the Court considers,

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the

probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2009). (quoting *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007). A proposed settlement warrants approval only if it is "a fair and reasonable resolution of a bona fide dispute" of the plaintiff's FLSA claim. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez v. Cabinet Coating Kings, LLC, et al.*, No: 6:23-cv-2447-GAP-LHP, 2024 WL 4906024, at *2 (M.D. Fla Nov. 12, 2024).

"When a settlement agreement includes an amount for attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Gomez*, 2024 WL 4906024, at *2 (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam)). However, if the attorney's fees were "agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonnetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

All parties are represented by counsel, and the proposed settlement results from an arms' length negotiation over the plaintiff's compensation and hours worked. Doc. 30, p. 4–5. The complaint alleges that the plaintiff worked up to fifty

2

hours per week and that the defendant failed to compensate him at the correct overtime wage. Doc. 1 at 4. The probability of success on the merits is uncertain, and each party bears significant litigation risk. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d at 1241. The parties engaged in mediation before United States Magistrate Judge Elizabeth Jenkins on June 2, 2025, and reached an agreement on the plaintiff's claims and the defendants' counterclaims. Doc. 30 at 4. The parties agree to a total payment of $27,750.00, which includes $7,750.00 in unpaid wages, $7,750.00 for non-wage damages, and $12,250.00 in attorney's fees. Docs. 30, p. 4; 30-1, p. 2. This is a reasonable compromise based on the range of possible recovery if the plaintiff prevailed at trial.

After review of the proposed settlement, I find that the parties' negotiated terms are "a fair and reasonable resolution of a bona fide dispute" under the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez*, 2024 WL 4906024, at *2. Thus, the settlement warrants approval. *See Bonnetti*, 715 F. Supp. 2d at 1228. Accordingly, the parties' "joint motion for approval of FLSA settlement agreement," Doc. 30, is **GRANTED,** and the settlement agreement is **APPROVED**. The plaintiff David Canino's claims against the defendants Brandon Rental Center, Inc., and Robert Glass are **DISMISSED WITH PREJUDICE.** The defendants Brandon Rental Center, Inc., and Robert Glass's counterclaims against the plaintiff David Canino are also **DISMISSED WITH PREJUDICE**. The Clerk shall terminate all pending motions and close the case.

3

**ORDERED** in Tampa, Florida on the 3rd day of July, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge